*E-Filed 1/6/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

VINCENT P. MCCOWAN,

    Plaintiff,

    v.

WARDEN B. HEDRICKS, et al.,

    Defendants.

No. C 13-3554 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

# INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. After review of the complaint pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the complaint with leave to file an amended complaint on or before February 15, 2014.

# DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.    Legal Claims

Plaintiff alleges that defendants, employees at Salinas Valley State Prison, (1) used excessive force against him; (2) mishandled his property; and (3) provided constitutionally inadequate medical care. The complaint is DISMISSED with leave to amend because these claims allege different claims against different defendants. *See* Fed. R. Civ. P. 15 & 20. In his amended complaint, plaintiff must choose **one** of these three sets of claims on which to proceed in this action. The other two sets may be brought in separate civil rights actions.

Plaintiff shall file an amended complaint on or before February 15, 2014. The first amended complaint must include the caption and civil case number used in this order (13-3554 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must

1  include in his first amended complaint all the claims he wishes to present and all of the
2  defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).
3  Plaintiff may not incorporate material from the prior complaint by reference.  Failure to file
4  an amended complaint in accordance with this order will result in dismissal of this action
5  without further notice to plaintiff.

6  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
7  informed of any change of address by filing a separate paper with the clerk headed "Notice of
8  Change of Address."  He must comply with the Court's orders in a timely fashion or ask for
9  an extension of time to do so.  Failure to comply may result in the dismissal of this action
10 pursuant to Federal Rule of Civil Procedure 41(b).

11 **IT IS SO ORDERED**.

12 DATED:  January 6, 2014

13 RICHARD SEEBORG
United States District Judge