UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

VINCENT PRICE MCCOWAN,

    Plaintiff,

  v.

B. HEDRICKS, et al.,

    Defendants.

No. C 13-3554 RS (PR)

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this federal civil rights action brought under 42 U.S.C. § 1983, plaintiff, a state prisoner proceeding pro se, claims that several Salinas Valley State Prison correctional officers (defendants M. Barroso, J. Hopark, J. Huff, M. Johnson, and J. Marquez) used excessive force against him in violation of the Eighth Amendment. Defendants move for summary judgment on grounds that plaintiff failed to exhaust his administrative remedies. (Docket No. 35.) They have provided plaintiff with the required warnings under *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc). (Docket No. 40.) For the reasons stated herein, the motion is GRANTED in favor of all defendants as to all claims.

## BACKGROUND

The following factual allegations are undisputed. On June 29, 2013, plaintiff and another inmate punched each other while in the exercise yard at Salinas Valley. (Am. Compl. at 5.) Correctional Officer Heard, after having seen the fight, ordered all inmates to lie on the ground. (Defs.' Mot. for Summ. J. ("MSJ") at 2.) When plaintiff failed to do so, Officer Barroso sprayed him with O.C. (oleoresin capsicum), while other officers sprayed the other inmate. (*Id.* at 2–3.) The two inmates were removed from the scene to be decontaminated. (*Id.* at 3.) Plaintiff was offered the chance to decontaminate in a sink, which he refused to use. (*Id.*) Plaintiff alleges that the correctional officers violated his constitutional rights when they (1) used excessive force against him and (2) failed to give him a proper way (such as a shower) to decontaminate.

Plaintiff submitted three prison grievances regarding the June 29th incident. (*Id.*, Medina Decl. ¶ 13.) The first (SVSP-13-00394) was rejected by the prison at the first level of review because the grievance lacked supporting detail and documents. (*Id.*, Medina Decl. Ex. A.) The rejection notice informed plaintiff that he could resubmit a corrected grievance by a certain time. (*Id.*) Plaintiff never resubmitted this grievance. (*Id.*, Medina Decl. ¶ 14.)

The second (SVSP-13-04369) was cancelled at the first level of review because it was not submitted within 30 days of the incident, as required by prison regulations. (*Id.*, Medina Decl., Ex. B.) The cancellation notice informed plaintiff that he could challenge the cancellation by submitting a separate grievance. He also was informed that he could not, however, submit a corrected version of the cancelled grievance. (*Id.*) It appears plaintiff never challenged the cancellation. (MSJ at 4.)

The third (SVSP-14-00828) was rejected at the first level of review because it was not on the proper 602 grievance form (plaintiff instead used an ordinary piece of paper), raised unrelated complaints, and duplicated complaints raised in other grievances. (*Id.*, Medina Decl., Ex. C.) Plaintiff never submitted a corrected version of this grievance. (*Id.*, Medina Decl. ¶ 16.)

Plaintiff does not dispute that he did not exhaust his grievances. Rather, he says that administrative remedies are inadequate and that appeals are always denied or rejected. (Pl.'s Opp. to MSJ at 2–3.)

## DISCUSSION

### I. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

The Court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

**II.     Exhaustion**

Defendants move for summary judgment because the plaintiff failed to exhaust his administrative remedies before filing this suit. Prisoners must exhaust their administrative remedies properly before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The Prison Litigation Reform Act mandates "proper exhaustion" of all available administrative remedies. *Id.* at 93.

The State of California provides its prisoners the right to appeal administratively "any policy, decision, action, condition, or omission by the [CDCR] or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." 15 CCR § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, submitted on a CDC 602 inmate appeal form; (2) first formal level appeal, to an institution appeals coordinator; (3) second formal level appeal, to the institution warden; and (4) third formal level appeal, to the Director of the CDCR. *See id.* § 3084.7; *Brodheim v. Cry*, 584 F.3d 1262, 1264–65 (9th Cir. 2009). Although a cancelled appeal may not be submitted for further review, the inmate may separately appeal the cancellation. 15 CCR § 3084.6(e). A cancelled appeal does not exhaust administrative remedies. *Id.* § 3084.1(b).

Here, defendants have presented undisputed evidence that plaintiff failed to exhaust his administrative remedies prior to filing this suit. Such evidence shows that his jailors cancelled or rejected his grievances prior to the final stage of exhaustion because he failed to comply with prison guidelines. The evidence also shows that his jailors informed him of their decisions, and provided instructions on how to appeal. This evidence also shows that plaintiff did not appeal the cancellations or otherwise attempt to exhaust his grievances

beyond the first level of review.

Plaintiff has not met his burden under Rule 56 to set out specific facts showing a genuine dispute for trial. That is, he has not disputed defendants' evidentiary assertions that he failed to exhaust his claims in this action. Rather, he offers a generalized statement that using the administrative grievance process is pointless. Defendants, then, have presented undisputed evidence that plaintiff failed to exhaust his administrative remedies as required by statute and case law. Accordingly, defendants' motion to dismiss will be granted and the action dismissed.

## CONCLUSION

Defendants' motion for summary judgment (Docket No. 35) is GRANTED in favor of all defendants (M. Barroso, J. Hopark, J. Huff, M. Johnson, and J. Marquez) as to all claims. The Clerk shall enter judgment in favor of defendants, terminate Docket No. 35, and close the file.

**IT IS SO ORDERED**.

DATED: June 16, 2016

RICHARD SEEBORG
United States District Judge